MARTHA H. JANES *et al.* VS. LABAN BEACH, *Principal Defendant,* SAM'L YAWKEY, *Garnishee.*

THE principal defendant, within four months after the service of the writ of garnishment, was declared a bankrupt on his own petition. *Held,* that the appointment of an assignee should be presumed. Held, also, that such bankruptcy dissolved the power of garnishment.

*Saginaw Circuit Court,* 1869.

*D. W. C. Gage* for Plaintiff.

*C. H. Gage* for Garnishee.

JANES v. BEACH.

*By the Court*, SUTHERLAND, J.—The garnishee filed his petition in bankruptcy on the 30th, day of December, 1868, less than four months after service of the writ of garnishment. In the meantime, judgment against the principal defendant for $802 82 was rendered. It does not appear, unless by intendment and implication, whether an assignee in bankruptcy has since been appointed. That proceeding follows, of course, the adjudication that the petitioner is a bankrupt. If the proceedings were interrupted and superseded after such adjudication, it devolves on the party to prove it who asserts and relies on it.

It will be presumed, in the absence of showing to the contrary, that the proceedings which follow, of course, after those proved took place, include the appointment of an assignee or trustees.

The question then arises whether the plaintiff in this suit has such a vested right in the moneys due from the defendant that it could not be displaced by those proceedings. If the plaintiff's right rests on an attachment or mesne process it is displaced. The lien which the plaintiff acquires by his proceeding arises by the service of mesne process, and it springs into being and subsists during the suit on the same contingency and for the same purpose as a lien acquired by the seizure of chattels on a writ of attachment. It is an analogous right, and it rests on a proceeding which may be appropriately denominated a seizure or attachment. In the service of a writ of that name under our practice the officer suspends by manual interference the defendant's possession and control of the tangible property on which it operates. On the writ of garnishment the officer summons the defendant, and that act, by the force of the statute, suspends in like manner his control over and power to collect the moneys on which that proceeding operates. The proceedings being identical in purpose and effect, it is immaterial, in the sense of the federal statute, that different names are applied to them by the local law.

The proceedings in bankruptcy dissolve the attachment in favor of the representative of the estate by force of the Act of Congress. No intervention by him in that suit is essential to that result. When it takes place the fund falls back into the

bankrupt estate, and would be unaffected by a judgment between a bankrupt and a third person assuming to direct it.

§ 14 of the Act of Congress does not save any liens on choses in action acquired by service of mesne process; and the priority of such a lien less than four months from the commencement of the bankruptcy proceedings does not avail if it is a lien or right, as the plaintiff's is held to be, arising from an attachment on mesne process.

Judgment for defendant, with costs incurred subsequent to the plea *puis darrien.*